JOHN H. POWELL *v.* LEVI D. HOWELL and D. H. BRIDGERS.

Since the Act abolishing imprisonment for debt, Courts of Equity have jurisdiction of suits by judgment creditors to subject their debtors' legal choses in action, after a return of *nulla bona*.

(*Hook* v. *Fentress*, Phil. Eq. 229, cited and approved.)

BILL in equity argued upon demurrer before *Thomas, J.,* at Fall Term 1868, of the Superior Court of WAYNE.

The bill alleged that the plaintiff had been surety for a note for the defendant Howell, had paid it, and having sued Howell for the amount paid, had recovered judgment, and that the execution issued thereupon had been returned *nulla bona;* that Howell had confessed a judgment for a large sum of money to one Everett, upon a feigned debt, and had paid to him a sum of money as part thereof; that Everett was dead, and the defendant Bridgers is his executor. Also, that Howell possesses a large amount of notes, bonds and other choses in action.

The prayer was that Bridgers should be declared a trustee

for the plaintiff, that Howell should be enjoined, and that the plaintiff might have further relief.

The defendants demurred jointly.

His Honor overruled the demurrer; and the defendants appealed.

*Faircloth*, for the appellants.

*Person, contra.*

DICK, J. A Court of Law is the proper forum for the enforcement of legal demands, and a Court of Equity will not interpose its extraordinary aid, until legal remedies have proved ineffectual. When a creditor has a legal demand against a debtor, he must first establish it at law by a judgment, and then use the proper legal process for its enforcement. Formerly Courts of Law afforded the *capias ad satisfaciendum* against the body of the debtor, to compel him to apply in satisfaction of his debts property which could not be reached by a *fieri facias*. This legal remedy has been taken away by statute in this State, which necessarily enlarges the jurisdiction of our Courts of Equity.

Whenever a person makes the necessary efforts, and fails to obtain his rights in a Court of Law, he may generally find relief in a Court of Equity. *Hook, Skinner & Co.,* v. *Fentress et. al.* Phil. Eq. 229.

The case before us was set for argument on joint demurrer, and all the allegations of fact in the bill must, for the purposes of the argument, be deemed conclusive.

It appears that the complainant has established his debt by a judment at law; and that a *fi. fa.* has been issued to the sheriff, and been duly returned, *nulla bona*. This legal remedy is exhausted, and still the defendant Howell has legal choses in action, which cannot be reached by *fi. fa.* He has a clear right to ask a Court of Equity for its extraordinary aid in obtaining adequate relief.

The defendant Bridgers stands in the place of his testator, James H. Everett, and is bound by the same equities, as far

as he has assets. It appears that his testator received a large sum of money from the co-defendant Howell, under a judgment confessed, which was "fraudulent and void, and given without any consideration." Such a feigned and covinous judgment is made utterly void as against the person who in anywise is hindered, delayed, or defrauded of his debts. Rev. Code, ch. 50, sec. 1, (13 Eliz.)

The judgment is valid as against Howell, but the Court will not adjudicate on the conflicting claims of co-defendants, except so far as is necessary to afford relief to the complainant. Adams', Equity, 313. If this case were now before us for final hearing upon the same state of facts, we would feel bound to make a decree against the defendant, Bridgers, such as would secure the complainant's claim. His Honor in the Court below overruled the demurrer, and we find no error.

PER CURIAM.       Judgment affirmed.